**In re NORMAL TOWEL SERVICE, INC., Bankrupt.**

**Bankruptcy No. 75 B 8527.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 29, 1982.

Michael Shaw, Chicago, Ill., on his own behalf and on behalf of the firm of Foss.

Schuman & Drake, Max Chill, Chicago, Ill., on behalf of the Bankrupt.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Application for compensation and reimbursement of expenses filed by Michael S. Shaw, on his own behalf and on behalf of the firm of Foss, Schuman & Drake, and the Motion of MICHAEL S. SHAW for Summary Judgment with respect to the liability of the Bankrupt, leaving to a separate proceeding the determination of amount of fees and expenses to be awarded, and the Bankrupt's Amended Answer to the Motion for Summary Judgment, and due notice of the conduct of said hearing having been given to the Bankrupt, to all creditors, and other parties entitled thereto, and

The Court having examined the pleadings filed in this matter, and having received and examined the Deposition of Eugene Futransky and the Memoranda of Law and Affidavits submitted by the parties in support of their respective positions, and the Court being fully advised in the premises;

The Court Finds:

1. On June 13, 1975, Normal Towel Service, Inc., Franklin Horwich, and Eugene Futransky entered into substantially identical letter agreements with Foss, Schuman & Drake for the employment of that firm to pursue an accountant's malpractice action against Oppenheim, Appel & Dixon in state court.

2. The letter agreement provided in pertinent part as follows:

The terms of our representation would be as follows: We would require a retainer of $5,000.00. We then would bill you monthly at the rate of $23.00 an hour, plus costs. In the event of any recovery or settlement of your claims, we would receive a contingent fee of 25% of any such recovery from which the amount paid hourly and the retainer would be deducted. In the event that the matter is terminated at an early stage, the $5,000.00 retainer would be applied towards our regular hourly rates ($45–60) with the balance, if any, to you.

3. On September 22, 1975, Normal Towel Service, Inc. filed a Petition in Bankruptcy under Chapter XI of the Bankruptcy Act.

4. By Order dated December 29, 1975, this Court approved the employment agreement between Normal Towel Service, Inc. and Foss, Schuman & Drake. Under the terms of said Order, Normal Towel Service, Inc. would be liable for one-third of the compensation and costs due.

5. On May 8, 1978, Foss, Schuman & Drake filed a Petition for allowance of fees and expenses for the period up to and including March 31, 1978. By Order dated June 28, 1978, this Court found that the total due from Normal Towel Service, Inc. for this period was $46,221.25; that $17,135.99 had previously been paid by Normal Towel Service, Inc.; and that the Disbursing Agent therefore was to pay the remaining balance of $29,085.26 to Foss, Schuman & Drake.

At the hearing on the aforesaid Petition, Michael Shaw, an associate of Foss, Schuman & Drake, informed the Court that the state court malpractice action was set for trial for June 12, 1978. Michael Shaw was unable to estimate for the Court the amount of services rendered and expenses incurred from March 31, 1978 through June 1, 1978, the date of the hearing. As for the length of the trial, he estimated that it would last ten days to two weeks. Creditors representing in excess of sixty percent of the claimants in Normal Towel Service, Inc. agreed that the sum requested by Foss, Schuman & Drake for the period up to March 31, 1978 should be paid and that it was in the best interest of the estate to proceed with the litigation.

6. On December 15, 1978, Foss, Schuman & Drake filed a Petition for allowance of expenses of $16,784.70 incurred during the period of April 1, 1978 through October 31, 1978. No Application for compensation for legal services rendered during this period was presented. The hearing on the aforesaid Petition was held January 9, 1979.

At this hearing, Michael Shaw reported to this Court that the trial of the state court malpractice action lasted three weeks and had concluded; that the jury returned two allegedly inconsistent verdicts; that the general verdict was in favor of the defendants and against Normal Towel Service, Inc. and the other plaintiffs; that a Motion for a New Trial would be made; and that he anticipated that the Motion would be granted.

This Court allowed Foss, Schuman & Drake's Petition for expenses for the period April 1, 1978 through October 31, 1978, but this Court stated that it would not allow the estate of Normal Towel Service, Inc. to pay any expense or fees incurred after proceedings on the post-trial Motion were completed. The Court stated that the employment contract between Normal Towel Service, Inc. and Foss, Schuman & Drake is rescinded.

7. On November 19, 1979, prior to this Court's decision to terminate the firm of Foss, Schuman & Drake as attorney for the Bankrupt, this Court granted the Motion of Michael Shaw to set up a reserve in the amount of $10,000.00 to cover expenses for a new trial of the state court malpractice action and any possible appeal from judgment therein.

8. On July 2, 1980, this Court approved the employment of new attorneys to pursue a new trial of the state court malpractice action and any possible appeal from judgment therein in substitution of the firm of Foss, Schuman & Drake. The terms of the employment consisted of a 20% contingency fee with the liability of the estate of Normal Towel Service, Inc. for expenses limited to $10,000.00. Michael Shaw and Foss, Schuman & Drake were granted sixty days to file any claim they had for compensation and expenses against Normal Towel Service, Inc.

9. On August 29, 1980, Michael Shaw on his own behalf and on behalf of Foss, Schuman & Drake filed an Application for compensation and expenses incurred. The Application requests compensation for the reasonable value of the services rendered.

Specifically, the Application requests $100.00 per hour less a credit for fees (not costs) already paid, plus outstanding costs.

10. On January 5, 1981, Michael Shaw on his own behalf and on behalf of Foss, Schuman & Drake filed a Motion for Summary Judgment with respect to the liability of the Bankrupt for fees and expenses requested in the Application of August 29, 1980, leaving for a separate proceeding the determination of the amount to be allowed.

11. It is the position of the Bankrupt, Normal Towel Service, Inc., that neither Michael Shaw nor the firm of Foss, Schuman & Drake is entitled to compensation for services rendered or to reimbursement of expenses incurred.

The Court Concludes and Further Finds:

1. Neither Michael Shaw nor Foss, Schuman & Drake is entitled to compensation for services rendered or to reimbursement of expenses incurred after the state court granted the post-trial Motion for a New Trial.

2. Foss, Schuman & Drake is entitled to compensation for legal services rendered by Michael Shaw or other members of the firm prior to the completion of the post-trial Motion for a New Trial. They are only entitled to said compensation, however, to the extent they have not yet been fully compensated, and to the extent they have not waived their right to compensation. The same is true for reimbursement of expenses incurred prior to completion of the post-trial Motion for a New Trial. The foregoing conclusion is based on the following:

It appears that Michael Shaw was significantly involved in the representation of Normal Towel Service, Inc. in the state court action. This Court's Order of December 29, 1975 makes no mention of Michael Shaw and states only that the employment of the firm of Foss, Schuman & Drake is approved. Further, no Order has been entered to date explicitly employing Michael Shaw to pursue the state court malpractice action on behalf of Normal Towel Service, Inc.

The relevant Bankruptcy Rules provide as follows: Bankruptcy Rule 215(a) states that "[n]o attorney or accountant for the trustee or receiver shall be employed except upon order of the court." Bankruptcy Rule 11–22 makes Bankruptcy Rule 215 applicable in Chapter XI cases to the employment of attorneys for a debtor in possession. Bankruptcy Rule 215(f) provides in pertinent part as follows:

> If, under this rule, a law partnership or corporation is employed as an attorney, . . . any member or regular associate of the firm may act for the attorney . . . so employed, without further order of the court, and his services may be compensated as services of the attorney.

Accordingly, the firm of Foss, Schuman & Drake is entitled to compensation for services performed by regular associates of the firm.

At the time of the institution of the state court malpractice action and the bankruptcy proceedings, Michael Shaw was a regular associate with the firm of Foss, Schuman & Drake. Sometime after January 9, 1979 when the trial of the state court action had concluded and this Court terminated the employment of Foss, Schuman & Drake except for completion of matters involving the Motion for a New Trial, Michael Shaw left the firm of Foss, Schuman & Drake. After leaving the firm, Michael Shaw continued to represent the interests of Normal Towel Service, Inc. with respect to the Motion for a New Trial. The August 29, 1980 Application requests compensation for a total of 256 hours of services rendered by Michael Shaw after January 1, 1979. The Application indicates that only 92 of those hours are for services rendered after Michael Shaw left the firm of Foss, Schuman & Drake. Normal Towel Service, Inc. maintains that the firm of Foss, Schuman & Drake is not entitled to compensation for services rendered by Michael Shaw after he left the firm.

This Court Concludes that said services are compensable. This Court considers all of the circumstances of this case and concludes that the services performed by Michael Shaw on behalf of Normal Towel Service, Inc. are services performed by a "member or regular associate" within the meaning of Bankruptcy Rule 215(f). Accordingly, Foss, Schuman & Drake is entitled to compensation for legal services rendered by Michael Shaw prior to completion of the post-trial Motion for a New Trial to the extent they have not yet been fully compensated and to the extent they have not waived their right to compensation.

3. Normal Towel Service, Inc. contends that Foss, Schuman & Drake have waived any right to fees they may have had. This Court does not agree.

Normal Towel Service, Inc. relies on alleged statements made by Stanton Schuman, a partner of Foss, Schuman & Drake, in open Court on July 1, 1980 that no fees were due and owing his firm. A review of the transcript of the July 1, 1980 proceeding reflects the following: Normal Towel Service, Inc. contemplated presenting an Application to the Court to employ the firm of Feiwell, Galper & Lasky, Ltd. to represent Normal Towel Service, Inc. in the new trial of the state court action in place of the firm of Foss, Schuman & Drake; Prior to the hearing, the parties, including attorneys from Feiwell, Galper & Lasky, Ltd., entered into negotiations regarding a fee arrangement for legal representation in the new trial of the state court action; Under the contemplated terms of the arrangement, Michael Shaw would continue with the state court action in conjunction with the firm of Feiwell, Galper & Lasky, Ltd., and a contingency fee would be shared between them; One of the conditions insisted upon by Feiwell, Galper & Lasky, Ltd. was that Foss, Schuman & Drake waive any fees or costs that may be due them; Stanton Schuman's statement in open Court on July 1, 1980 was a statement of the position he would take in order to accommodate the consummation of an employment agreement including Michael Shaw as one of the attorneys employed for purposes of the new trial. Ultimately, the parties were unable to agree to a fee arrangement including Michael Shaw. Accordingly, Foss, Schuman &

Drake is not held to have waived any fees or costs that may be due the firm.

4. Regardless of Foss, Schuman & Drake's right to compensation for services rendered and to reimbursement of expenses incurred, Normal Towel Service, Inc. maintains that no allowance should be awarded to Michael Shaw in his individual capacity. They rely on the fact that this Court has not approved the employment of Michael Shaw, but only that of the firm of Foss, Schuman & Drake. There are other circumstances, however, that should be considered.

In conjunction with the Motion for Summary Judgment, Michael Shaw filed an Affidavit of Stanton Schuman. The Affidavit reflects that the firm of Foss, Schuman & Drake is pursuing the Fee Application only to the extent necessary to collect for Michael Shaw and thereby compensate him for services he performed as a member of Foss, Schuman & Drake.

Accordingly, any allowance for legal services rendered or expenses incurred requested in the Application of August 29, 1980 will be awarded to Michael Shaw directly. Any Order providing for such an allowance, however, will reserve for the firm of Foss, Schuman & Drake a ten day period within which to object to the allowance being made directly and exclusively to Michael Shaw.

5. One further issue remains regarding the Motion for Summary Judgment on the Fee Application of August 29, 1980. The question presented is two-fold: 1) What is the duration of a contingency fee contract, and 2) What is an attorney's right to compensation when he is retained on a contingency fee contract and is discharged before fully performing under the contract?

■ A contingency fee contract endures through all procedures to the final determination of the case. It endures through appeals, remands, and new trials. *See Pocius v. Halvorsen*, 30 Ill.2d 73, 195 N.E.2d 137 (1963); *Department of Public Works v. Exchange National Bank*, 93 Ill.App.3d 390, 49 Ill.Dec. 218, 417 N.E.2d 1045 (2d Dist. 1981).

Accordingly, the employment agreement with Foss, Schuman & Drake had not expired by its terms when this Court ordered Foss, Schuman & Drake to cease representing Normal Towel Service, Inc. beyond the post-trial Motion.

■ Generally, when an attorney is retained on a contingency fee contract and discharged prior to fully executing the contract as Foss, Schuman & Drake was, such attorney's compensation is to be determined on the basis of quantum meruit. *Rhoades v. Norfolk & Western Railway Co.*, 78 Ill.2d 217, 35 Ill.Dec. 680, 399 N.E.2d 969 (1979). In *Rhoades*, the Illinois Supreme Court noted that under Illinois law a client may discharge his attorney at any time, with or without cause. They further noted that the Illinois rule had been that an attorney is entitled to full contract fees if the dismissal is without cause. However, in *Rhoades* the Illinois Supreme Court held contrary to this prior rule and stated:

> To require the client to pay the discharged attorney the full contract fees would make the right to discharge even without cause largely meaningless since the client's contractual responsibility to the discharged attorney would be unchanged unless the client could establish cause for discharge.

*Rhoades*, 78 Ill.2d at 229, 35 Ill.Dec. at 685, 399 N.E.2d at 974.

■ The Illinois Supreme Court then went on to cite other jurisdictions that have reached the same conclusion. They cited with particularity the decision and reasoning of the California Supreme Court in *Fracasse v. Brent*, 6 Cal.3d 784, 494 P.2d 9, 100 Cal.Rptr. 385 (1972). Among references to the *Fracasse* decision, the Illinois Supreme Court noted a qualification made by the California Supreme Court to its holding. Concurring with the California decision's qualification, the Illinois Supreme Court stated:

> [I]n cases in which an attorney who has done much work is fired immediately before a settlement is reached, the factors involved in determining a reasonable fee would justify a finding that the entire

contract fee is the reasonable value of services rendered.

*Rhoades,* 78 Ill.2d at 230, 35 Ill.Dec. at 686, 399 N.E.2d at 975.

The facts of the case *sub judice,* however, do not justify a finding that the entire contract fee is the reasonable value of services rendered. *Department of Public Works v. Exchange National Bank,* 93 Ill. App.3d 390, 49 Ill.Dec. 218, 417 N.E.2d 1045 (2d Dist. 1981) (discharged after appellate court reversed and remanded for new trial). The services of Foss, Schuman & Drake were terminated only after the firm had represented Normal Towel Service, Inc. and obtained an adverse judgment with a subsequent ruling for a new trial. At the most, therefore, Foss, Schuman & Drake is entitled to compensation on the basis of a reasonable per hour charge for services rendered. Foss, Schuman & Drake is not entitled to the contingency contract fee.

The claim of Normal Towel Service, Inc. in the state court malpractice action has not yet been finally adjudicated. This fact distinguishes this case from the Illinois cases mentioned in the foregoing discussion. All of the previously cited Illinois cases involve clients who have received a recovery. Should the state court malpractice action result ultimately in no recovery to the estate of Normal Towel Service, Inc., it is questionable whether Foss, Schuman & Drake would be entitled to compensation based upon quantum meruit. Of course, regardless of the final outcome, the firm would be entitled to the $23.00 per hour minimum fee specifically agreed upon in the contract, the liability of the estate being limited to one-third of that amount.

This Court has not found any Illinois cases on point where the court awarded reasonable compensation to an attorney for services rendered when the underlying action resulted in no recovery to the client. The California *Fracasse* decision addresses this point. However, the Illinois Supreme Court in citing the *Fracasse* decision made no reference to that part of the opinion. The California court held that:

[T]he attorney's action for reasonable compensation accrues only when the contingency stated in the original agreement has occurred—i.e., the client has had a recovery by settlement or judgment.

*Fracasse,* 494 P.2d at 13, 100 Cal.Rptr. at 389.

In view of the foregoing, this Court reserves its judgment regarding the rights of Foss, Schuman & Drake should Normal Towel Service, Inc. obtain no recovery in the state court malpractice action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that neither Michael Shaw nor Foss, Schuman & Drake is entitled to compensation for services rendered or to reimbursement for expenses incurred after the state court granted the post-trial Motion for a New Trial.

IT IS FURTHER ORDERED that Foss, Schuman & Drake is entitled to reimbursement for expenses incurred by Michael Shaw and other members of the firm prior to the completion of the post-trial Motion for a New Trial, to the extent they have not yet been fully reimbursed.

IT IS FURTHER ORDERED that Foss, Schuman & Drake is entitled to compensation for legal services rendered by Michael Shaw and other members of the firm prior to the completion of the post-trial Motion for a New Trial to the extent they have not yet been fully compensated. In the event the state court malpractice action results in a recovery to Normal Towel Service, Inc., Foss, Schuman & Drake is entitled to the reasonable value of its services to the extent they have not yet received such value. This Court reserves its final judgment regarding the rights of Foss, Schuman & Drake to compensation for services rendered if Normal Towel Service, Inc. obtains no recovery in the state court malpractice action. Regardless of the outcome of the state court malpractice action, however, Foss, Schuman & Drake is entitled to the $23.00 per hour minimum fee specifically agreed upon in the contract, the liability of Normal Towel Service, Inc. limited to one-third of that amount.

IT IS FURTHER ORDERED that any allowance for fees or expenses that Foss, Schuman & Drake is entitled to will be awarded to Michael Shaw directly. Any Order allowing fees and expenses directly and exclusively to Michael Shaw will reserve for the firm of Foss, Schuman & Drake a ten day period within which to object to such allowance.

IT IS FURTHER ORDERED that a hearing be held to finally determine the outstanding balance owed, if any, to Foss, Schuman & Drake for services rendered and expenses incurred. Said hearing is set for April 28, 1982, at the hour of 11:00 o'clock a. m., Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois. If the state court action is not concluded by that date, a continued hearing date will be announced. At this final hearing, this Court will determine the total amount Foss, Schuman & Drake is entitled to as an allowance for services rendered and expenses incurred, and will determine the extent to which Foss, Schuman & Drake has heretofore been compensated.